IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02185-WYD-CBS

PHILLIP A. WOLF,
KATHLEEN C. WOLF,
    Plaintiffs,
v.

[NO DEFENDANTS NAMED],
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court upon the filing on August 22, 2001 by Plaintiffs, acting *pro se*, of a pleading apparently entitled "IN THE DOCUMENT – CONTRACT – POSTAL – VESSEL – COURT IN THE COLORADO – TERRITORY WIT[H]IN THIS UNITED – STATES – DISTRICT – COURT – BUILDING.  FOR THIS QUO – WARRANTO – COMPLAINT – DOCUMENT – AND LIS – PENDENCE – CLAIM."  (*See* Doc. # 1 at 1 of 45).  While the court must construe the pleading liberally because Plaintiffs are not represented by an attorney, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court need not act as a *pro se* litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiffs must comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado.  The court finds that the pleading does not comply with the requirements of the Federal Rules of Civil Procedure or this court's Local Rules.  For the following reasons, the pleading is STRICKEN, and the Plaintiffs are directed to submit an amended complaint that complies with the

Federal Rules of Civil Procedure, the Local Rules of Practice of the United States District Court for the District of Colorado, and this Order.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991) (requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest"). Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). Prolix pleadings violate the requirements of Rule 8. *McCracken-Phillips v. Phillips*, 2009 WL 1966293, *6 (D. Colo. July 7, 2009).

Plaintiffs' pleading fails to set forth a short and plain statement of their claims that shows that they are entitled to relief. Plaintiffs' pleading consists of 45 pages that are

essentially indecipherable.  The pleading does not appear to include a single complete sentence and is strewn with numerical notations.  Plaintiffs fail to identify any defendants.  Plaintiffs fail to make subject matter jurisdiction or venue allegations.  Plaintiffs do not clearly state their claims, the legal basis for any claims, the actions or inactions of any specific defendant, or how any actions or inactions of any defendant violated the law.  Plaintiffs' pleading utterly fails to provide notice of any causes of action as required by Rule 8.

Plaintiffs' pleading suffers from additional deficiencies. The Complaint is not submitted on the court's standard complaint form. "A pro se party shall use the forms established by this court to file an action."  D.C.COLO. LCivR 8.1A.  All typewritten complaints must be double-spaced. D.C.COLO. LCiv.R 10.1E.  The Plaintiffs' pleading is typewritten and single-spaced.

Plaintiffs must present their claims in a manageable format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims.  Plaintiffs must properly identify and name the parties who are legally liable for their claims.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, IT IS ORDERED that:

1. Plaintiffs' pleading (Doc. # 1 ) is STRICKEN for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States

District Court for the District of Colorado.

2. On or before Thursday, September 15, 2011, Plaintiffs shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of Practice of the United States District Court for the District of Colorado, and this Order.

3. The amended complaint which Plaintiffs are required to file shall be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the Plaintiffs' case and shall not exceed two double-spaced typewritten pages. Each independent legal claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify the defendant(s) against whom the claim is brought; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The Amended Complaint shall not contain conclusory allegations or argument.

4. Failure to comply with this Order may result in dismissal of this civil action without further notice.

5. The Clerk of the Court shall enclose with this Order a copy of the court's approved form used in filing complaints.

DATED August 25, 2011, at Denver, Colorado.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge