IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02185-WYD-CBS

PHILLIP A. WOLF,
KATHLEEN C. WOLF,
    Plaintiffs,
v.

[NO DEFENDANTS NAMED],[1]
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding its Order dated August 25, 2011 (Doc. # 5). Pursuant to the Order of Reference dated August 24, 2011 (Doc. # 4), this action was referred to the Magistrate Judge to "[h]ear and determine pretrial matters . . . ." On August 25, 2011, the court issued an Order striking Plaintiffs' initial pleading for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado and directing Plaintiffs to submit an amended complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of Practice of the United States District Court for the District of Colorado, and the court's Order on or before Thursday, September 15, 2011. (*See* Doc. # 5). The court specifically directed Plaintiffs to submit an amended pleading on the court's form and entitle it "Amended Complaint." (*See id.*). The court directed that the background statement shall briefly summarize the Plaintiffs' case and shall not

---

    [1] Public Trustee of Gilpin County Alynn Huffman entered an appearance on September 12, 2011. (*See* Docs. # 8 and # 9).

exceed two double-spaced typewritten pages, each independent legal claim shall be numbered and shall be stated separately, each claim shall state the legal basis for the claim; shall identify the defendant(s) against whom the claim is brought; and shall allege facts sufficient to state a claim for relief as to each of those defendants, each claim shall not exceed two typewritten pages, double-spaced and the amended pleading shall not contain conclusory allegations or argument. (*See id.*). The court warned Plaintiffs that failure to comply with the Order may result in dismissal of this civil action without further notice. (*See id.*). The court provided Plaintiffs a copy of the court's approved form used in filing complaints. (*See id.*, *see also* Doc. # 6).

Plaintiffs have not timely complied with the court's Order. On August 31, 2011 Plaintiffs, acting *pro se*, filed a document with a handwritten notation at the top "AMICUS CURIAE." (*See* Doc. # 7). Headings in the document state:
"IN THIS DOCUMENT – CONTRACT – POSTAL – VESSEL – COURT IN THE UNITED – STATES – DI – STRICT – COURT – BUILDING OF AN AMERICAN TERRITORY. . . FOR THIS QUO – WARRANTO – COMPLAINT OF THIS DOCUMENT – CONTRACT – POSTAL – VESSEL – COURT – VESSEL IS WITHIN THIS DATE – ~ AUGUST – ~ 2011, IN THIS DRY – DOCK – VESSEL – COURTHOUSE – BUILDING WITHIN THIS COLORADO – TERRITORY OF THE DOCUMENT – CONTRACT – POSTAL – VESSEL – COURT – CORPORATION – POSTAL – REGISTRATION – CASE – NUMBER . . . ." (*See* Doc. # 7 at 1 of 5). The document continues in this vein for 5 pages.

While the court must construe the pleading liberally because Plaintiffs are not represented by an attorney, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the

court need not act as a *pro se* litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs' *pro se* status does not excuse them from complying with the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Plaintiffs have not complied with the requirements of the Federal Rules of Civil Procedure, the Local Rules of Practice of the United States District Court for the District of Colorado, or this court's Order.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991) (requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest"). Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). Prolix

3

pleadings violate the requirements of Rule 8.  *McCracken-Phillips v. Phillips*, 2009 WL 1966293, *6 (D. Colo. July 7, 2009).

Plaintiffs' filing fails to set forth a short and plain statement of their claims that shows that they are entitled to relief.  Plaintiffs' filing, ostensibly in response to the court's Order, is essentially indecipherable.  The filing does not appear to include a single complete sentence.  Plaintiffs fail to identify any defendants.  Plaintiffs fail to make subject matter jurisdiction or venue allegations.  Plaintiffs do not clearly state their claims, the legal basis for any claims, or the actions or omissions of any specific defendant.  Plaintiffs' filing utterly fails to provide notice of any causes of action as required by Rule 8.

Plaintiffs' filing suffers from additional deficiencies.  The document is not submitted on the court's standard complaint form. "A pro se party shall use the forms established by this court to file an action."  D.C.COLO. LCivR 8.1A.  Plaintiff's filing is not titled "Amended Complaint."  All typewritten complaints must be double-spaced.  D.C.COLO. LCiv.R 10.1E.  The Plaintiffs' filing is typewritten and single-spaced.

Plaintiffs must present their claims in a manageable format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims.  Plaintiffs must properly identify and name the parties who are legally liable for their claims.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

There is the potential for prejudice to any defendants in attempting to defend against such an indecipherable pleading. Plaintiffs' failure to submit a proper complaint has interfered with the judicial process, requiring that the court repeatedly address the Plaintiffs' failure to file a pleading that conforms with the Federal Rules of Civil Procedure, the Local Rules of this court, and the court's Order. No one other than Plaintiffs is culpable. The court has provided Plaintiffs with clear and simple directives to file an amended complaint which states the legal basis for each claim; identifies which defendant(s) the claim is brought against; and alleges facts sufficient to state a claim for relief as to each of those defendants. Nevertheless, Plaintiffs filed a document which fails to state with any factual specificity the actions or inactions of any defendant or how any actions or omissions violated any laws. Plaintiffs received adequate warning that dismissal of the action would be a possible sanction for noncompliance. On August 25, 2011, the court warned Plaintiffs that failure to submit an amended complaint which complies with the Federal Rules, this court's Local Rules, and this court's Order could result in dismissal of this action without further notice. A sanction less than dismissal with prejudice would not be effective. Plaintiffs have already failed to comply with an unambiguous Order.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice of the United States District Court for the District of Colorado, and the court's August 25, 2011 Order.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 23rd day of September, 2011.

BY THE COURT:


　s/Craig B. Shaffer　
United States Magistrate Judge