IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02185-PAB-CBS

PHILLIP A. WOLF and
KATHLEEN C. WOLF,

     Plaintiffs,

v.

PUBLIC TRUSTEE OF GILPIN COUNTY,

     Defendant.

_____

**ORDER**
_____

     This matter is before the Court on the Recommendation of United States Magistrate Judge Craig B. Shaffer filed on September 23, 2011 [Docket No. 14]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on September 23, 2011. No party has objected to the Recommendation.

     In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation

to satisfy myself that there is "no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court finds that the Recommendation is a correct application of the facts and the law. Therefore, the Court will accept the Recommendation.

Furthermore, although it is difficult to discern what Mr. Wolf claims in the present action, *see* Docket No. 7; Docket No. 14 at 2, there is reason to believe that it is another in a line of cases initiated by Mr. Wolf against Gilpin County, Colorado or its officials arising out of a single issue. *See, e.g.*, *Wolf v. Prtrock, et al.*, No. 04-cv-02677-ZLW; *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT; *Wolf v. County of Gilpin, et al.*, No. 10-cv-01456-PAB-KMT. Plaintiff unsuccessfully argued in a prior state court action that "Gilpin County Court did not have authority to enter . . . judgments [against him] . . . because the County does not have the authority to regulate [plaintiff's] land, as it is 'mineral land' exempt from County regulation pursuant to federal law" and that "the County's regulation of the land is a violation of federal law and Colorado criminal statutes." *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2009 WL 3418218, at *1-2 (D. Colo. Oct. 19, 2009), *aff'd on other grounds by Wolf v. Petrock*, No. 09-1514, 2010 WL 2331171 (10th Cir. June 10, 2010). "After finding no relief in the Colorado courts, Mr. Wolf turned to the federal court system." *Wolf*, 2010 WL 2331171, at *1. In Civil Action No. 08-cv-02749-PAB-KMT, plaintiff reasserted his claim that "he owns land upon which he owns federal land patents and that Gilpin County and others are violating Colorado

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

and federal law by regulating his lands." *Wolf*, 2009 WL 3418218, at *2 (citing Docket No. 12 at 2, ¶ 2.4 in No. 08-cv-02749). The Court entered judgment against Mr. Wolf in that federal action. Mr. Wolf thereafter filed another federal action seeking largely the same relief against the County of Gilpin and its county attorney, James Petrock. *See Wolf v. County of Gilpin, et al.*, No. 10-cv-01456-PAB-KMT. On December 8, 2010, the Court granted the defendants' motions to dismiss in that case on res judicata grounds. *See Wolf v. County of Gilpin*, No. 10-cv-01456-PAB-KMT, 2010 WL 5094043, at *2 (D. Colo. Dec. 8, 2010). The Court also barred Mr. Wolf from filing any additional criminal allegations in this Court and from filing any additional pro se actions against Mr. Petrock without leave of the Court. *See id.* at *3. In light of the foregoing resolutions of his claims, the present matter reveals an unwillingness on Mr. Wolf's part to cease filing actions against the County of Gilpin and its officials based upon the same issues resolved in previous federal cases.

"A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents." *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989) (collecting cases). Furthermore, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006)); *see Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998); *Tripati*, 878 F.2d at 352. The Court warns Mr. Wolf that continued persistence in

asserting claims against the County of Gilpin and its officials that have been finally resolved by the Court may result in the imposition of additional filing restrictions.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 14] is ACCEPTED and this case is dismissed in its entirety.

DATED October 19, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge